UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-82 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Sharon Ross, | |
| Defendant. | |

This matter comes before the Court on the Government's Motion to Designate Case as Complex Under the Speedy Trial Act, ECF No. 12.

The Government "moves the Court for an order designating the above-captioned matter as a complex case for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv)." ECF No. 12 at 1. In its motion, the Government represents that this case is unusual and complex in that the indicted conduct involves the prosecution of a massive fraudulent scheme to obtain and misappropriate more than $250 million in federal child nutrition program funds.

The Government reports that the discovery in this matter is exceptionally voluminous and includes millions of pages of investigative materials. "[T]he grand jury issued more than 940 subpoenas," and "[t]he responses to these subpoenas include financial statements and other records for hundreds of bank accounts and credit card merchant accounts." ECF No. 12 at 3. "The [G]overnment interviewed hundreds of witnesses and individuals involved in the fraud scheme, and will be producing hundreds of reports

1

documenting those interviews." ECF No. 12 at 3. "The [G]overnment obtained and executed physical search warrants for 32 businesses and residences," during which "the [G]overnment seized approximately 380 electronic devices, including computers, laptops, and cell phones." ECF No. 12 at 3-4. "The [G]overnment also obtained warrants to search more than 50 email accounts, through which the [G]overnment obtained more than 250,000 emails relevant to the investigation." ECF No. 12 at 4.

Currently, this case and related cases involve more than 50 defendants.[1] Under the Speedy Trial Act, a defendant must "be tried within seventy days after being charged or initially appearing, unless the running of time is stopped for reasons set forth under the statute." *United States v. Izazaga-Pascacio*, No. 14-cr-289 (SRN/JSM), 2016 WL 287062, at *1 (D. Minn. Jan. 22, 2016); *see* 18 U.S.C. § 3161(c)(1); *see also Zedner v. United States*, 547 U.S. 489, 497-98 (2006). The Speedy Trial Act permits the exclusion of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

---

[1] *See, e.g.*, *United States v. Abdiaziz Shafii Farah et al.*, No. 22-cr-124 (NEB/TNL) (8 defendants); *United States v. Liban Yasin Alishire et al.*, No. 22-cr-222 (NEB/TNL) (3 defendants); *United States v. Aimee Marie Bock et al.*, No. 22-cr-223 (NEB/TNL) (14 defendants); *United States v. Qamar Ahmed Hassan et al.*, No. 22-cr-224 (NEB/TNL) (8 defendants); *United States v. Sharmake Jama et al.*, No. 22-cr-225 (NEB/TNL) (6 defendants); *United States v. Haji Osman Salad et al.*, No. 22-cr-226 (NEB/TNL) (9 defendants); *United States v. Mekfira Hussein et al.*, No. 22-cr-277 (NEB/TNL) (2 defendants); *United States v. Mohamed Muse Noor*, No. 22-cr-293 (NEB/TNL); *United States v. Ayan Farah Abukar*, No. 23-cr-80 (NEB/TNL); *United States v. Sade Osman Hashi*, No. 23-cr-81 (NEB/TNL); and *United States v. Sharon Ross*, No. 23-cr-82 (NEB/TNL).

Factors to be considered in determining whether to grant such a continuance include, among others:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B).

The Court previously designated as complex eight of the related matters[2] under § 3161(h)(7)(B)(ii). After due consideration, the Court will likewise designate this new matter and another related new matter[3] as complex under § 3161(h)(7)(B)(ii). Given the

---

[2] *United States v. Abdiaziz Shafii Farah et al.*, No. 22-cr-124 (NEB/TNL) (8 defendants); *United States v. Liban Yasin Alishire et al.*, No. 22-cr-222 (NEB/TNL) (3 defendants); *United States v. Aimee Marie Bock et al.*, No. 22-cr-223 (NEB/TNL) (14 defendants); *United States v. Qamar Ahmed Hassan et al.*, No. 22-cr-224 (NEB/TNL) (8 defendants); *United States v. Sharmake Jama et al.*, No. 22-cr-225 (NEB/TNL) (6 defendants); *United States v. Haji Osman Salad et al.*, No. 22-cr-226 (NEB/TNL) (9 defendants); *United States v. Mekfira Hussein et al.*, No. 22-cr-277 (NEB/TNL) (2 defendants); and *United States v. Mohamed Muse Noor*, No. 22-cr-293 (NEB/TNL).
[3] *United States v. Ayan Farah Abukar*, No. 23-cr-80 (NEB/TNL), and *United States v. Sharon Ross*, No. 23-cr-82 (NEB/TNL).

large volume of discovery, the nature of the evidence collected, and the multiple issues involved in the discovery process, as well as the sheer number of defendants, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy Trial Act. The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by making this designation and granting this continuance outweigh the best interests of the public and Defendant in a speedy trial and the failure to grant a continuance would deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Designate Case as Complex Under the Speedy Trial Act, ECF No. 12, is **GRANTED IN PART** and **DENIED IN PART**.

2. This case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The deadlines set forth in the Court's March 23, 2023 Arraignment Order, ECF No. 19, are **STRICKEN**.

4. **On before April 18, 2023**, the parties shall have met and conferred and submitted a proposed case management schedule for the completion of pretrial proceedings, to include disclosures by the Government; disclosures by Defendant; and the filing of pretrial motions, responses to such motions, notices of intent to call witnesses, and responsive notices of intent to call witnesses.

5. The Court will thereafter issue a separate case management order, setting forth, among other things, pre-trial deadlines and the motions hearing date.

[Continued on next page.]

6. The period of time from **March 22 through April 18, 2023**, shall be excluded from Speedy Trial Act computations in this case.  *See* 18 U.S.C. § 3161(h)(7)(A).

Date: April___3___, 2023                              *s/ Tony N. Leung*
                                                                    Tony N. Leung
                                                                    United States Magistrate Judge
                                                                    District of Minnesota


                                                                    *United States v. Ross*
                                                                    Case No. 23-cr-82 (NEB/TNL)