UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-82 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR COMPASSIONATE RELEASE |
| SHARON ROSS, | |
| Defendant. | |

---

Ross pled guilty to one count of wire fraud, in violation of 18 U.S.C. Section 1343. (ECF No. 43.) After calculating Ross's Guidelines range to be 51–63 months' imprisonment, the Court sentenced Ross to 43 months' imprisonment. (ECF No. 68, 69 at 1.)

Six months after sentencing, Ross moved for compassionate release to care for her cousin D.R., who is severely disabled. (ECF No. 85.) Ross is the legal guardian of D.R., and before Ross's incarceration, Ross was D.R.'s primary caregiver. (*Id.* at 7.) D.R. now lives with Ross's brother. (*Id.*) Ross explains that her brother is no longer able to care for D.R. because her brother recently suffered two strokes, and his wife is gravely ill. (*Id.*)

For the reasons below, the Court denies Ross's motion for compassionate release (ECF No. 85).[1]

---

[1] Although filed late, the Court considers Ross's reply memorandum. (ECF No. 95.)

## ANALYSIS

A district court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must be consistent with the sentencing factors listed in 18 U.S.C. Section 3553(a) and the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). Ross carries the burden of showing that she is entitled to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### I.   Extraordinary and Compelling Reasons

"[T]he extraordinary-and-compelling standard sets a very high bar and authorizes sentence reductions only in 'truly exceptional cases.'" *United States v. Logan*, 532 F. Supp. 3d 725, 729–30 (D. Minn. 2021) (citation omitted). Extraordinary and compelling reasons include the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13(b).

To qualify for compassionate release for the incapacitation of a caregiver of a family member, a defendant must present information and documentation that the caregiver is incapacitated, that the defendant is the only family member that can care for them, and "a statement and documentation regarding the inmate's release plan." *United States v. Collins*, No. 15-10188-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020).

Based on this record, the Court cannot conclude that Ross's brother is incapacitated and unable to care for D.R. Defendant does not provide documentation supporting her statement that her brother is incapable of caring for D.R., or that she is the only family member able to care for D.R. Without this documentation, the Court must deny this motion.

## II.    Section 3553(a) Factors

Even if Ross had established extraordinary and compelling circumstances warranting her release, the applicable Section 3553(a) factors support denying this motion. Before sentencing, the Court received extensive documentation of Ross's history, characteristics, and offenses in her presentence investigation report. (ECF No. 57 (sealed).) Based on this information, the Court determined that 43 months' imprisonment was adequate, but not more than necessary, to fulfill the Section 3553(a) factors—to reflect the seriousness of the offenses, promote respect for the law, justly punish Ross, deter similar conduct, protect the public, avoid unfair disparities, and provide Ross with needed care, treatment, and training.

The Court carefully considered Ross's sentence, and the information in Ross's briefs does not impact the Court's determination. The Court commends Ross's efforts toward rehabilitation and encourages her to continue her efforts. Still, "rehabilitation is supposed to be the rule, not the exception." *Logan*, 532 F. Supp. 3d at 739. The

Section 3553(a) factors do not justify a sentence modification, so the Court denies Ross's motion for compassionate release.[2]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, Ross's motion for compassionate release (ECF No. 85) is DENIED.

Dated: November 20, 2025            BY THE COURT:

                                                      s/Nancy E. Brasel
                                                     Nancy E. Brasel
                                                     United States District Judge

---

[2] In Ross's reply, she appears to challenge her sentence by asserting the Court calculated her Guidelines incorrectly. (ECF No. 95 at 1, 3.) The Court will not consider these arguments in this motion for compassionate release.