TRULINCS 50599510 - ROSS, SHARON DENISE - Unit: WAS-A-A

-------------------------------------------------------------------------------------

FROM: 50599510
TO:
SUBJECT: Motion 18 U.S.C. 3582 (c)(2)
DATE: 07/09/2026 01:33:31 PM

United States District Court
for the

United States Of America
vs.
Sharon Denise Ross

Date of Original Judgment: February 7, 2025
Case Number: 23-CR-82-NEB-DTS

ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C.3582(c)2)

Upon motion of the defendant under 18 U.S.C. 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG 1B1.10 and the sentencing factors set forth in 18 U.S.C. 3553(a) to the extent that they are applicable.

BACKGROUND:

Section 3582(c)(2) of title 18, United States Code, provides: "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. 3582(c)(2) and implements 28 U.S.C. 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Supreme Court has concluded that proceedings under section 3582 (c)(2) are not governed by United States v. Booker, 543 U.S. 220 (2005), and this policy statement remains binding on courts in such proceedings.

Among the factors considered by the Commission in selecting the amendments included in subsection (d) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b)(1).

The listing of an amendment in subsection (d) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

REQUEST:

In light of the new Sentencing Commission guidelines structure that were passed in February 2026 , and with this change being retroactive, I am requesting that my current sentence of 43 months of imprisonment, and three years supervised release on one count of wire fraud with a restitution amount of $2,434,360 be reduced according to the new sentencing guidelines.

According to the guidelines listed in the amendment, I am a qualified defendant to receive such a reduction, being that the amendment is retroactive.

*Sharon Denise Ross*