## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-82 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON 28 U.S.C. SECTION 2255 MOTION TO VACATE SENTENCE |
| SHARON ROSS, | |
| Defendant. | |

Sharon Ross moves to vacate her forty-three-month sentence under 28 U.S.C. Section 2255. (ECF No. 94.) For the following reasons, the Court denies the motion.

## BACKGROUND

Ross pled guilty to one count of wire fraud in violation of 18 U.S.C. Section 1343 for her participation in the scheme to defraud the Federal Child Nutrition Program. (ECF No. 43 at 1–2[1].) The Court sentenced her to forty-three months imprisonment. (ECF No. 68 at 2.)

## ANALYSIS

### I.    Legal Standard

Ross moves for postconviction relief under 28 U.S.C. Section 2255.[2] That statute allows a federal prisoner to seek relief from a sentence "imposed in violation of the

---

[1] All page citations to the record reference ECF pagination, except for hearing transcripts, which reference native pagination.

[2] In her reply, Ross states that she also requests an order regarding a motion for a sentence reduction because "the new amendment 821 went into effect February 1, 2026." (ECF No.

Constitution." 28 U.S.C. § 2255(a). Ross's Section 2255 claim is based on ineffective assistance of counsel—a constitutional error.

Ross faces a "heavy burden" to establish ineffective assistance of counsel within the context of Section 2255. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). She must show that her counsel's performance was deficient and that she was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court presumes that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997). The Court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

## II.     Ineffective Assistance of Counsel

### A.     *Notice of Appeal*

An attorney's failure to file a notice of appeal after receiving a client's instruction to do so constitutes ineffective assistance of counsel, but the defendant "must show that she instructed her counsel to file an appeal." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255

---

119 at 7.) Ross has not followed the proper procedure for filing a motion under 18 U.S.C. Section 3582(c)(2). And Ross provides little detail about what amendment she relies on. Assuming she is referencing the proposed amendment to the loss amounts in the sentencing guidelines, it has not been adopted. And, even if the amendment is adopted, it would not change Ross's guideline calculation.

relief, no inquiry into prejudice or likely success on appeal being necessary.") "[T]he desire to appeal must be manifest." *Id.*

Ross alleges that she requested that her attorneys file an appeal, and that they failed to do so. (ECF No. 94 at 4.) On August 4, 2026, the Court held an evidentiary hearing limited to this issue. Considering the evidence and testimony presented, the Court concludes that Ross did not request that her attorneys file an appeal.

Ross's attorneys, Amanda Montgomery and Earl Gray, testified that the following occurred after Ross's sentencing: On February 7, 2025, Ross sent Montgomery an email inquiring about a possible appeal. (Evidentiary Hr'g Tr. at 14–15.) Given the short window to file an appeal, Montgomery began drafting a notice of appeal on February 11, 2025, in case Ross wanted to appeal. (*Id.* at 17.) Montgomery testified that this was proactive: Ross had not asked Montgomery or Gray to file an appeal yet. (*Id.*) Her attorneys explained to Ross that, given her plea agreement, she did not have a viable appeal. (*Id.* at 31.) Gray reminded Ross that she waived all rights to appeal except the reasonableness of a sentence over her guidelines. (*Id.*) And, because she received a sentence lower than the guidelines, she would not prevail on such an appeal. (*See id.* at 34.) Despite this reality, each attorney testified that it was ultimately Ross's choice whether to appeal, and they would have filed a notice of appeal if directed to do so. (*Id.* at 13, 20, 33.)

With the appeal deadline rapidly approaching, Ross and Montgomery connected with Ross again on February 13, 2025. (*Id.* at 10–11.) On a phone call with both her attorneys, Ross told them she did not want to go forward with the appeal. (*Id.*) Afterwards, Montgomery memorialized the conversation in writing. She emailed Ross, "[p]er our phone conversation today, you do <u>not</u> want us to file a notice of appeal, is that

3

correct?" (Gov't Ex. 1 (emphasis in original)). Ross did not introduce any evidence that she corrected the assertion that she did not want to appeal. In fact, Montgomery testified that she never received a written response from Ross on the appeal issue at all, so Gray called Ross again and confirmed that Ross did not want to file an appeal. (Evidentiary Hr'g Tr. at 11–12, 33.)

Ross then took the stand and testified that, on the February 13, 2026 phone call, she requested that her attorneys file an appeal. (*Id.* at 40.) She also testified that she did not remember the appeal waiver in her plea agreement. (*Id.* at 45–46.) But at her plea hearing, the attorneys went over the appeal waiver, and Ross swore under oath that she understood the appeal rights she would waive if she pled guilty. (Plea Hr'g Tr. at 9, 21–23, 26.)

Considering all the evidence, the Court finds that Ross's testimony is not credible. Her say-so is at odds with the credible testimony of two experienced criminal lawyers. (Evidentiary Hr'g Tr. at 4–6, 25–26.) And it contradicts the email from Montgomery memorializing in writing what Ross told them: she did not want to appeal. Against the weight of this credible evidence, Ross's "bare assertion . . . that she made a request is not by itself sufficient to support a grant of relief." *Barger*, 204 F.3d at 1182.[3] Ross's request for relief on this ground has no merit.

---

[3] Ross also called her husband as a witness; he testified that Ross wanted to appeal. (Evidentiary Hr'g Tr. at 49–50.) But he conceded that he did not participate in any of the calls or communications Ross had with her attorneys about the appeal, so his assertion is based entirely on Ross's word. (*Id.* at 51.)

## B.     Loss Amount and Money Judgment

Ross has not shown that counsel's failure to object to the stipulated loss amount prejudiced her. In the plea agreement, Ross stipulated to a loss amount of $2,434,360. (ECF No. 43 at 3.) If her counsel later objected to this amount, Ross would have breached the plea agreement and released the government from its obligations under the plea agreement. *Covington v. United States*, 739 F.3d 1087, 1091 (8th Cir. 2014). Ross "cannot know how the government would have proceeded," so she cannot show that her counsel's failure to object prejudiced her.[4] *Id.*

## C.     Elements of Offense

Ross next asserts that her attorneys were ineffective because they did not communicate the relevant elements of her charge. (ECF No. 94 at 7.) But in her plea agreement, Ross stipulated that she "fully understands the nature and elements of the crimes with which she has been charged." (ECF No. 43 at 1.) And she testified to facts establishing all the elements of the charged offense.

## D.     Review of Discovery and PSR

Finally, Ross argues that her attorneys did not review discovery or the PSR with her. But Ross's objection to the PSR contains personal details of the like that would be difficult for an attorney to surmise without discussing the PSR with Ross. (ECF No. 51 (sealed).) And Ross's plea agreement (and her testimony) thoroughly recites the facts of

---

[4] Ross argues that her sentence should have been based on her lower money judgment as opposed to the loss amount, but this misunderstands criminal sentencing and forfeiture. The loss amount "serves as a measure of the seriousness of the offense and the defendant's relative culpability," U.S.S.G. § 2B1.1., cmt. 20, whereas criminal forfeiture seeks to confiscate and return property obtained through criminal activity. *Honeycutt v. United States*, 581 U.S. 443, 447 (2017).

5

her case. (ECF No. 43 at 1–3.) Had she not reviewed the relevant discovery beforehand, the plea hearing would have been very challenging—it was not. Ross's self-serving and conclusory allegations do not entitle her to relief. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).

### III.   Evidentiary Hearing

Section 2255 requires the Court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court held an evidentiary hearing on the notice-of-appeal issue. All of Ross's other claims are contradicted by the existing record, and she is not entitled to relief on any of them. The Court therefore declines to hold an evidentiary hearing on the remaining issues raised in her 2255 motion.

### IV.   Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ross has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     Ross's Motion to Vacate her sentence under 28 U.S.C. Section 2255 (ECF No. 94) is DENIED; and

2.     A certificate of appealability shall not issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 7, 2026                                    BY THE COURT:

                                                                  s/Nancy E. Brasel
                                                                  Nancy E. Brasel
                                                                  United States District Judge